IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DOUGLAS GENE LANE,

    Petitioner,

v.

C. NOLL, Warden,

    Respondent.

_____/

No. C 09-05478 SBA (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**

(Docket no. 4)

    Petitioner, a state prisoner currently incarcerated at the Correctional Training Facility, filed a pro se habeas corpus petition pursuant to 28 U.S.C. § 2254 challenging the November 2008 decision of prison authorities to give him a more restrictive custody classification. The Court issued an Order to Show Cause directing Respondent to answer the instant petition.

    Before the Court is Respondent's motion to dismiss the petition on the grounds that habeas corpus is not the proper remedy for Petitioner's claims, or in the alternative, on the grounds that the petition contains unexhausted claims (docket no. 4). Petitioner has filed an opposition to the motion, and Respondent has filed a reply. Thereafter, Petitioner filed a "Reply to Respondent's Reply to Opposition to Motion to Dismiss."

    For the reasons discussed below, the Court hereby GRANTS Respondent's motion to dismiss.

**BACKGROUND**

    Petitioner was convicted of second degree murder. (Mot. to Dismiss, Ex. 1.) He was sentenced to fifteen years to life in prison. Id.

    In this habeas action, Petitioner does not challenge his conviction. Instead, he challenges the November 2008 decision by prison officials to increase the restrictiveness of his custody classification "from a Medium A to a more restrictive Close B after 20 years of being classified Medium A." (Pet., Attach. at 1-2.) The classification committee stated "it was being done because Petitioner had a 'walk-away' 37 years ago from a county work camp." (Id. at 2.) Petitioner contends that the November 2008 custody classification decision violates his constitutional right to due

1  process of law because prison authorities relied on the incorrect statutory definition of "escape
2  history." (Id. at 2.)  He requests the Court: (1) "[i]ssue a writ of habeas corpus or order to show
3  cause to the director of the [California Department of Corrections and Rehabilitation] to inquire into
4  the legality of Petitioner's [c]ustody level;" (2) "[o]rder Petitioner's [c]ustody level lowered back
5  down to the level of Medium A as he was before the 11/20/08 hearing;" and (3) "[g]rant such other
6  and further relief as justice may require." (Id. at 10.)

## DISCUSSION

### I. Whether Petitioner's Challenge May be Brought Under Habeas

The threshold issue presented is whether this action may be brought in a habeas action. The gravamen of Petitioner's claim is that his more restrictive custody classification prevents him from participating in various programs. (Pet., Attach. at 8.) "Being a life term inmate with expectations placed on him by the Board of Parole[] [Hearings], Petitioner is no longer able to satisfy some of the rehabilitation goals expected of him." (Id.) Petitioner argues that his new classification could affect the duration of his sentence. Though not entirely clear, Petitioner appears to argue that the possibility that he may not be paroled -- because he is unable to participate in the programs that demonstrate rehabilitation -- effectively results in the imposition of a longer sentence.

Respondent argues that the petition must be dismissed on the ground that the claims in the petition do not properly invoke federal habeas corpus jurisdiction. Respondent asserts that Petitioner's challenge to his heightened custody classification does not establish habeas jurisdiction because Petitioner does not challenge the fact or duration of confinement. (Mot. to Dismiss at 2.) Respondent first points out that "although [Petitioner's] custody level changed, his classification score has remained at nineteen, which is the lowest classification score available to him . . . ." (Id. at 3.) Second, Respondent notes that Petitioner has "not provided any documentation reflecting what programming he is no longer allowed to participate in, what programming is available to him either through organized events or self-study, and what programming the Board has recommended that he participate in." (Id.) Finally, Respondent argues that Petitioner's "speculation about what may happen at his next parole consideration hearing is insufficient to warrant habeas relief." (Id.)

Although the Supreme Court has not addressed whether a challenge to a condition of confinement may be brought under habeas, see Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979), the Ninth Circuit has held that habeas jurisdiction is absent, and an action under 42 U.S.C. § 1983 is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003). In addition, the preferred practice in the Ninth Circuit has been for prisoners to bring challenges to conditions of confinement in a civil rights complaint. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

Here, Respondent has established that even if Petitioner were able to raise a successful challenge to the more restrictive custody classification, that would not necessarily affect the length of his incarceration. Petitioner argues only that there is a *possibility* that the custody classification *may* affect the length of his incarceration. Specifically, Petitioner alleges that "[t]he action of the prison classification committee has now severely hindered [his] ability to participate in the rehabilitative programming required under In re Lawrence (2008) 44 Cal. 4th 1181 and has in effect changed his term to life sentence into life without the possibility of parole." (Pet., Attach. at 2.) However, Petitioner's conclusory allegations regarding what may transpire at his next parole suitability hearing are entirely speculative and otherwise insufficient to warrant habeas relief. Indeed, Petitioner has not established that his classification level is, in fact, a factor that the Board considers when determining parole suitability. See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) (conclusory claims unsupported by specific facts are not entitled to habeas relief). Moreover, under recent Supreme Court authority, a prisoner is foreclosed from challenging the Board's parole decision so long as he or she receives adequate process at any of his future parole suitability hearings. See Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 862 (2011) (a prisoner subject to California's parole statute receives adequate process when he is allowed an opportunity to be heard and is provided with a statement of the reasons why parole was denied).

Based on the foregoing discussion, the Court finds that Petitioner's challenge is properly

3

brought as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas proceeding. See Badea, 931 F.2d at 574. While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case. The habeas petition form is not the proper form because does not include the information necessary to state a civil rights violation. Also, it was not accompanied by the correct filing fee for a civil rights case. Therefore, the petition is DISMISSED without prejudice to bringing these claims in a civil rights action. Accordingly, Respondent's motion to dismiss is GRANTED.[1]

**II.     Instructions to Petitioner on How to File Proper § 1983 Action**

    **A.     Petitioner Must First Fulfill Exhaustion Requirement**

Because the Court is dismissing the instant without prejudice to Petitioner's ability to commence a civil rights action, the Court provides Petitioner with the following guidance. In particular, before filing his complaint, Petitioner must ensure that he has exhausted all of his administrative remedies. The Prison Litigation Reform Act of 1995 (PLRA) amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by 1997e(a) is now mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Id. (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Id.; Booth v. Churner, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all prisoner suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532. Finally, the PLRA's exhaustion requirement requires "proper exhaustion" of available administrative remedies.

---

[1] Because the Court grants Respondent's motion to dismiss on the ground that habeas corpus is not the proper remedy for his claims, the Court does not reach Respondent's alternative argument that the petition contains unexhausted claims.

4

Woodford v. Ngo, 548 U.S. 81, 94 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted).

### B.   Petitioner Must Name all Defendants and Link Them to the Violation

Liability under § 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Therefore, Petitioner is directed to name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Petitioner is also informed that there is no respondeat superior liability under § 1983, i.e. no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id. A supervisor may also be held liable if he or she implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

### C.   Petitioner Must Pay the Correct Filing Fee for a § 1983 Action

The filing fee for a civil rights action is $350.00. Petitioner must pay the filing fee or file an application for leave to proceed in forma pauperis (IFP), before his new action can proceed. If Petitioner is a prisoner who is unable to pay the full filing fee at the time of filing, he must submit: (1) an affidavit that includes a statement of all assets he possesses, and (2) a certified copy of the trust fund account statement for the six-month period immediately preceding the filing of the action, obtained from the appropriate official of each prison at which the prisoner is or was confined. See 28 U.S.C. § 1915(a)(1), (2). If the district court determines that the prisoner is unable to pay the full filing fee at the time of filing, the prisoner will be granted leave to proceed IFP. This means that the

filing fee must be paid by way of an installment plan, according to which the court first will assess and collect a partial filing fee from the prisoner, and then the prisoner will be required to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account until the full $350.00 filing fee is paid. Id. § 1915(b)(1). The agency having custody of the prisoner is responsible for forwarding to the court payments from the prisoner's account each time the amount in the account exceeds ten dollars. See id.

## CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (docket no. 4) is GRANTED, and Petitioner's case is DISMISSED without prejudice. The Court has rendered its final decision on this matter; therefore, this Order TERMINATES Petitioner's case. Petitioner may only proceed with his claims by filing a complaint under 42 U.S.C. § 1983 in a new action. And, as explained above, he must use the Court's civil rights complaint form and follow the instructions on how to file proper § 1983 action.

The Clerk of the Court shall send Petitioner a blank civil rights complaint form and the Court's prisoner IFP application along with his copy of this Order.

This Order terminates Docket no. 4.

IT IS SO ORDERED.

DATED: March 31, 2011

SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\HC.09\Lane5478.grantMTD(HC-CR).wpd

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOUGLAS G. LANE, | Case Number: CV09-05478 SBA |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| C. NOLL et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 5, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Douglas G. Lane C-62598
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Dated: April 5, 2011

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.09\Lane5478.grantMTD(HC-CR).wpd